ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WESLEY EUGENE DOLLAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-075 |
| | ) | |
| C. PRESTON, Doctor, FAIRVIEW HOSPITAL, MEDICAL STAFF, Fairview Hospital, and NURSE MISSY,[1] | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, filed this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed *in forma pauperis* ("IFP") be **DENIED** (doc. no. 10), and that this action be **DISMISSED** without prejudice.

**I.  BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

---

[1] The **CLERK** is **DIRECTED** to add Nurse Missy as a Defendant in accordance with the caption in this Order.

§§ 801-10, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

As an initial matter, the Court notes that prior to filing the instant case in the Middle District, Plaintiff filed a separate case in this District in which he raised essentially identical claims: Dollar v. Fairview Hospital, CV 311-051, doc. no. 1 (S.D. Ga. June 1, 2011). This case was recommended for dismissal pursuant to 28 U.S.C. § 1915(g). Id., doc. no. 4, *adopted as opinion of District Court*, doc. no. 7. After the instant case was transferred to this District,

---

[2]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

the Court ordered Plaintiff on September 28, 2011 to re-file his complaint because the Southern District requires certain information to be included in its standard complaint form that the Middle District does not require.[3] (Doc. no. 9.) In that Order, the Court specifically noted that the prior case raised similar issues, but had been dismissed and that Plaintiff had filed a notice of appeal.[4] Notably, the prior case was dismissed on the dual basis that Plaintiff had brought at least three cases or appeals dismissed as frivolous under § 1915(g) and that Plaintiff provided dishonest information about his filing history. Undeterred by the dismissal of his previous case, Plaintiff again attempts to bring the same claims before this Court. For the same reasons as before, his complaint is due to be dismissed without prejudice and his motion to proceed IFP is due to be denied.[5]

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed as frivolous under § 1915(g): (1) Dollar v. Carter, No. 10-15195-A (11th Cir. Apr. 15, 2011) (appeal dismissed as frivolous); (2) Dollar v. Newnan Adult Probation Office, No. 11-10303-A (11th Cir. July 13, 2011) (appeal dismissed as frivolous); and, (3) Dollar v. Newnan Times-Herald, CV 310-083 (N.D. Ga. Jan. 3, 2011) (case dismissed

---

[3] Because Plaintiff had not submitted a motion to proceed IFP, the Court also ordered Plaintiff to submit either a completed IFP motion or the requisite $350.00 filing fee. (Doc. no. 9.) Along with his complaint, Plaintiff submitted the instant IFP motion. (Doc. no. 10.)

[4] Subsequent to the Court's September 28th Order, the Court of Appeals entered an order dismissing Plaintiff's appeal for failure to pay the filing and docketing fees. Dollar v. Fairview Hospital, No. 11-13794-B, doc. no. 2 (11th Cir. Oct. 6, 2011).

[5] Plaintiff's attempt to flood the courts with multiple, duplicative complaints is improper. Moreover, it does Plaintiff no good to continue filing claims without correcting deficiencies that have been clearly pointed out to him.

as frivolous). As Plaintiff filed a complaint or an appeal that was dismissed as frivolous in each of the cases cited above, these previously dismissed appeals and case qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B.      No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in the above-captioned complaint supports a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. On this point, the Court looks to Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), for guidance on the issue of what constitutes "imminent danger of serious physical injury." In Brown, the plaintiff alleged a total withdrawal of treatment for serious diseases, as a result of which he suffered from severe ongoing complications; thus, the Eleventh Circuit concluded that, viewed together, the afflictions of which the plaintiff complained (including his HIV and hepatitis), and the alleged danger of more serious afflictions if he was not treated, constituted imminent danger of serious physical injury. Id. at 1350. Here, all treatment had not been withdrawn from Plaintiff; indeed, he is complaining about the type of treatment that Defendants provided. (See doc. no. 11, pp. 5-6.)

4

Moreover, Plaintiff contends that he received negligent medical treatment at the hands of Defendants during a visit to Fairview Hospital on April 12, 2011. (See id.) Plaintiff disagrees with the course of treatment provided that day, but at the time he signed his original complaint on July 18, 2011, he had, according to the return address on the envelope in which his complaint arrived at the Clerk of Court (doc. no. 1-2), already returned to JSP. Although Plaintiff alleges that Defendants placed him in "imminent[] danger of serious physical injury with mental and emotional injury," Defendants' alleged inadequate care and negligence on April 12, 2011 had long since ceased.[6] Additionally, as Plaintiff had returned to the care and custody of prison officials at JSP, his medical care and treatment rested at the time of filing, and continues to rest, in their hands, not those of Defendants named in this lawsuit.

Thus, Plaintiff's allegations do not support a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter because even if the Court were to assume for the sake of argument that the named Defendants did not provide appropriate treatment on April

---

[6] In any event, mere allegations of negligence or malpractice do not amount to deliberate indifference under the Eighth Amendment. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Furthermore, the Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Likewise, mere disagreement over a course of medical treatment does not state a claim for deliberate indifference to a serious medical need under the Eighth Amendment. Harris, 941 F.2d at 1505 (finding that mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment); see also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments. . . ." (citation omitted)).

12, 2011, Plaintiff clearly now has other officials overseeing his medical care and treatment. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### C. Dishonesty in Complaint

Moreover, the form complaint that Plaintiff returned pursuant to the Court's September 28th Order, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose whether any lawsuit they have filed in federal court where they were allowed to proceed IFP was "dismissed on the grounds that it was frivolous, malicious, or failed to state a clim." (Doc. no. 11, p. 3.) Under penalty of perjury, Plaintiff stated that he has never before brought such a lawsuit. (Id.) This is somewhat incredible, given that the Court had just dismissed his previous complaint pursuant to § 1915(g), and had provided Plaintiff with the names of at least three cases or appeals that were dismissed as frivolous. See Dollar, CV 311-51, doc. no. 4, p. 2. As Plaintiff should be well aware, he has a filing history that includes multiple cases and appeals that have been dismissed as frivolous. See Part II.A. Plaintiff's blatant dishonesty provides another basis for dismissal of this case.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera

6

"abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted); see also Young v. Sec'y Fla. Dep't of Corrs., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).[7]

All told, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were

---

[7]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, CV 396-325, doc. no. 4 (M.D. Fla. May 2, 1996).

allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.[8]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 10), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 28th day of October, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[8]The practice of dismissing a case as a sanction for providing false information about prior filing history has previously been utilized in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

8